UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

LIVIA M. SCOTTO,

            Plaintiff,

v.

STATE OF HAWAII, THE DANIEL INOUYE
TRUST, HONOLULU INTERNATIONAL
AIRPORT, HILTON WORLDWIDE HOTELS,
HILTON DOUBLETREE HOTELS, PRINT
HOUSE PRESS, CEO MICAEL FARREL, JIM
COONAN, KUPERMAN, PRINTING HOUSE
PRESS, THE CORPORATION TRUST, U.S.
STATE DEPARTMENT, COUNTY OF
HONOLULU, CORPORATION COUNSEL,
UNITED STATES, NEW YORK UNIVERSITY
HOSPITAL OF BROOKLYN NEW YORK, HCA,
CONSULATE HEALTH CARE REHAB,
MAIOMOMEDIES HOSPITAL, PROPERTY
BANK DEPOSITS and U.S.F.D.A.,

            Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER
AND ORDER TO SHOW CAUSE**
19-CV-5167 (MKB)

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Livia M. Scotto, proceeding *pro se*, commenced the above-captioned action on August 29, 2019, against Defendants. (Compl., Docket Entry No. 1.) On September 12, 2019, the Clerk of Court issued a Notice of Deficient Filing, informing Plaintiff that she must complete an *in forma pauperis* ("IFP") application. (Notice of Deficient Filing, Docket Entry No. 2.) On September 25, 2019, Plaintiff filed an IFP motion. (IFP Mot., Docket Entry No. 4.) The Court grants Plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint and directs Plaintiff to show cause, within thirty (30) days of the date of this Memorandum and

Order, why the Court should not enter a filing injunction.

I. Discussion

   a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

   b. Plaintiff fails to state a claim

The Complaint is incoherent and fails to state a claim for relief. (*See generally* Compl.) The Complaint consists of a random assortment of documents and does not contain a statement of claim against any Defendant. (*Id.*) Despite the Court's best efforts, the Complaint is

impossible to follow as it consists of various excerpts, attachments, duplicates, notices, receipts, and emails. (*Id.*)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) ("Rule 8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).

Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons*, 49 F.3d at 86); *see also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (quoting *Salahuddin*, 861 F.2d at 42)).

Even under the most liberal reading of the Complaint, the Court cannot discern what legally cognizable harm Plaintiff has suffered. Accordingly, the Court dismisses the Complaint. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of an "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing a complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing a 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

### c. The Court declines to afford Plaintiff an opportunity to amend the Complaint

While the Court would ordinarily grant Plaintiff leave to amend the Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile." *Russell v. Aid to Developmentally*

*Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

Based on the incomprehensible nature of the Complaint, as well as Plaintiff's litigation history (as set forth below), the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019) (affirming the district court's denial of leave to amend the plaintiff's complaint on futility grounds); *Clifton v. Office of Temp. Disability OTDA*, No. 15-CV-6806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

### d. Plaintiff's litigation history

Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts[1] and is the subject of several filing injunctions in various

---

[1] *See, e.g., Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "fail[ed] to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint, consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents," did not comply with the Federal Rules of Civil Procedure); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized,

courts.[2] To date, Plaintiff has filed thirteen Complaints, including this action, in this Court.[3]

Plaintiff has inundated the Court with hundreds of pages of papers that are nonsensical and appear to have no relevance to any claims. These papers often refer to other federal courts and are submitted with no page numbers and in no discernable order. It has required many hours of the Court's time to review these documents. Plaintiff will not be allowed to continue to submit reams of papers and other documents that have no relevance to any claim.

e. **Order to Show Cause**

Because this is Plaintiff's thirteenth action filed in this Court, all of which the Court has found frivolous or otherwise dismissed, Plaintiff is hereby directed to show cause why she should not be enjoined from filing any new action in which she requests *in forma pauperis* status without first obtaining permission from this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citation omitted).

---

confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant).

[2] *See, e.g., In re Livia M. Scotto*, No. 18-MC-62, at *2 (M.D. Fla. Aug. 6, 2018) (implementing a "pre-filing review" process to "deter [Plaintiff's] frivolous filings and to preserve the judiciary's resources"); *Scotto v. United States of America*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011).

[3] *See Scotto v. State of Hawaii*, No. 19-CV-5167 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-04756 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-701 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. United States*, No. 19-CV-901 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. Maimonides Hosp.*, No. 19-CV-2821 (E.D.N.Y. filed May 3, 2019); *Scotto v. McClean*, No. 19-CV-2443 (E.D.N.Y. appeal dismissed Jan. 16, 2020); *Scotto v. Noordhoek*, No. 19-CV-2444 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Bass & Assoc.*, No. 19-CV-2445 (E.D.N.Y. dismissed July 30, 2019); *Scotto v. Societe Air France*, No. 19-CV-2446 (E.D.N.Y. appeal dismissed Jan. 13, 2020); *Scotto v. Societe Air France*, No. 18-CV-7242 (E.D.N.Y. appeal docketed May 13, 2019).

The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings. *See Williams v. City Univ. of N.Y.*, 633 F. App'x 541, 543 (2d Cir. 2015) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (quoting *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005))); *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("That the district court possessed the authority to enjoin [the plaintiff] from further vexatious litigation is beyond peradventure." (collecting cases)). Filing restrictions comport with due process as long as the plaintiff is given notice and an opportunity to be heard. *See Lau*, 229 F.3d at 123 ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (alteration, citation and internal quotation marks omitted)); *Mantis Transp. v. Kenner*, 45 F. Supp. 3d 229, 256 (E.D.N.Y. 2014) (same).

In determining whether to restrict a litigant's future access to the courts, a court considers the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)).

Plaintiff is on notice that the Court may impose a filing injunction because the most recent dismissal of her actions in the Eastern District, a consolidated order dismissing three *in forma pauperis* actions,[4] included a warning that a filing injunction may be entered if Plaintiff continued to file non-meritorious actions, (*see, e.g.,* Mem. and Order dated Nov. 25, 2019 8, Docket Entry No. 5, *Scotto v. United States*, No. 19-CV-5166).

In light of Plaintiff's litigation history, she is ordered to show cause in writing why she should not be barred from filing *any* further *in forma pauperis* actions in this Court without first obtaining permission from this Court to do so. Plaintiff shall file a written affirmation in response to this Order within thirty (30) days of the date of this Memorandum and Order. If Plaintiff fails to file an affirmation or her affirmation fails to provide a valid basis for why the Court should not issue the filing injunction, the Court will enter an order enjoining Plaintiff from filing any new action seeking *in forma pauperis* status in this Court without first obtaining the Court's permission. Plaintiff must use the affirmation form included with this Memorandum and Order to comply with the Court's Order to Show Cause.

In light of Plaintiff's propensity for abusing the Court's resources by submitting numerous papers that are difficult to decipher, the Clerk of Court is directed to docket Plaintiff's prior and future submissions that (1) cannot be construed as either seeking to file a new civil action or filings in existing actions, (2) are captioned for another court, or (3) do not conform to the Federal Rules of Civil Procedure under *In Re Livia M. Scotto* and assign a miscellaneous docket number to these filings. The Court shall take no action on these submissions.

---

[4] *See Scotto v. United States*, No. 19-CV-5166 (E.D.N.Y. dismissed Nov. 25, 2019); *Scotto v. McClean*, No. 19-CV-4755 (E.D.N.Y. dismissed Nov. 25, 2019); *Scotto v. ComputerShare*, No. 19-CV-2403 (E.D.N.Y. dismissed Nov. 25, 2019).

## II. Conclusion

For the reasons set forth above, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court directs Plaintiff to show cause why she should not be enjoined from filing any new civil action seeking *in forma pauperis* status without first obtaining the Court's permission, and to do so within thirty (30) days of the date of this Memorandum and Order. The Court directs Plaintiff to use the affirmation form included with this Memorandum and Order. The Court further directs the Clerk of Court to assign a miscellaneous docket number under *In Re Livia M. Scotto* and to file under that number prior and subsequent submissions made by Plaintiff that do not conform to this Memorandum and Order or the Rules of Civil Procedure, or are captioned for other courts. No action shall be taken on these submissions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 17, 2020
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LIVIA M. SCOTTO,

                              Plaintiff,                        **PLAINTIFF'S AFFIRMATION**
                                                                                   19-CV-5167 (MKB)

      v.

STATE OF HAWAII, ET AL.,

                              Defendants.

---------------------------------------------------------------

STATE OF _____ }
COUNTY OF _____ } SS:


        LIVIA M. SCOTTO, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the plaintiff in this action and I respectfully submit this affirmation in response to the Court's Order dated _____.

        I should not be enjoined from filing any new action seeking *in forma pauperis* status without first obtaining the district court's permission because: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the Court should not enter a filing injunction.

DATED: _____

_____
Signature

_____
Address

_____
City, State & Zip Code